Citation Nr: 1443671 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 11-08 837 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to an evaluation in excess of 10 percent for right knee degenerative joint disease. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. R. Mullins, Counsel
INTRODUCTION

The Veteran had active service from October 1984 to July 1992. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas, denying the claim currently on appeal. This claim was previously remanded by the Board in April 2014. 

In February 2012, the Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO in Wichita, Kansas. A written transcript of this hearing has been associated with the evidence of record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran's claim was previously remanded in April 2014 in part so that he could be afforded the opportunity to report for a more recent VA examination regarding the severity of his service-connected right knee disability. The record reflects that an examination was scheduled in April 2014. However, the Veteran did not report for his scheduled examination. A statement from the Veteran dated September 2014, however, alleges that he did not receive notification of his scheduled examination. He requested to be rescheduled for an examination of his right knee. The Veteran's representative also requested a new examination in September 2014. 

Having reviewed the evidence of record, including the Veteran's September 2014 statement, the Board finds that he should be afforded an additional opportunity to appear for a new VA examination. The Veteran has asserted that he was not notified of his scheduled examination and a review of the record fails to reveal any documentation in fact notifying him of his scheduled examination. Therefore, he should again be scheduled for a VA examination to determine the current severity of his service-connected right knee disability. A copy of the letter notifying the Veteran of the date and location of his scheduled examination must be associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

1. The Veteran should again be scheduled for a VA examination by an examiner with appropriate expertise to determine the nature and extent of all impairment due to the Veteran's service-connected right knee disability. The claims folder and a copy of this remand must be made available to and reviewed by the examiner. All indicated studies, including X-rays and range of motion studies in degrees, should be performed. 

In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain, and the degree at which pain begins. The examiner should note the degree of severity of any instability or subluxation of the knee, determine if the knee locks and if so the frequency of the locking, and note the presence of any effusion into the joints. 

The extent of any weakened movement, excess fatigability, and incoordination on use should also be described by the examiner. The examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. If not feasible to do so to any degree of medical certainty without resort to speculation, then the examiner must provide an explanation for why this is so. 

The examiner should also express an opinion concerning whether there would be additional functional impairment on repeated use or during flare-ups (if the Veteran describes flare-ups). The examiner should assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss. If not feasible to do so to any degree of medical certainty without resort to speculation, then the examiner must provide an explanation for why this is so. 

2. When the development requested has been completed, and the AMC has ensured compliance with the requested action, this case should again be reviewed by the AMC on the basis of the additional evidence. If the benefit sought is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case, and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)








This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).